UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS, CDCR #AR-2176,<br><br>                           Plaintiff,<br><br>vs.<br><br>T. RUCKER; FIGUEROS; L. MARSHALL; K MITCHELL; DANIEL PARAMO; S. STRATTON; C. ROJAS; M. STOUT; C. FROST; A. AGUIRRE; M. VOONG; H. LIU,<br><br>                          Defendants. | Case No.: 3:18-cv-00512-WQH-AGS<br><br>**ORDER:**<br><br>**1) GRANTING REQUEST TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**2) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Stephen Dragasits ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed this civil rights action (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On March 21, 2018, Plaintiff filed exhibits to his Complaint. (ECF No. 6.)

/ / /

/ / /

## I. Request to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

authorized by a RJD accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 4; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents shows that Plaintiff had an available balance of zero at the time of filing. *See* ECF No. 4 at 1, 3. Based on this accounting, the Court GRANTS Plaintiff's request to proceed IFP, and will assess no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The Court will further direct the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

    A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Allegations</u>

On February 9, 2015, Defendants Rucker and Figueroa "intentionally searched" Plaintiff's cell twice. (ECF No. 1 at 21). During the first search, Rucker and Figueroa "took possession" of two "hot pots" and one CD player. *Id.* They "made a search slip" which they asked Plaintiff to sign. *Id.* at 22. However, Plaintiff told Rucker and Figueroa that he "had receipts for the items in question" and refused to sign the search slip. *Id.* As a result of this "argument," Plaintiff claims that Rucker and Figueroa "carried out a second search as an adverse action and used the cell search as retaliation by withholding personal property." *Id.* Plaintiff further claims that Defendants "left the cell in shambles" and "intentionally did not give Plaintiff a cell search slip of all the personal property" taken during the second cell search. *Id.*

Plaintiff "discuss[ed] the matter regarding the second cell search with Officer S. Corona.[2]" *Id.* at 23. Plaintiff gave Corona a "list of items that were taken in the second search" by Rucker and Figueroa. *Id.* Officer Corona "presented Sergeant Whitting[3] with the list of items taken in the second search" and Whitting "looked at the list, read it and . . . . walked away." *Id.* Corona then "wrote out a cell search receipt of all the items taken." *Id.* The cell search "slip" was "turned into R&R attached to Plaintiff's property card." *Id.*

Plaintiff submitted an administrative grievance against Whitting, as well as Rucker and Figueroa. *Id.* at 23-24. Plaintiff accused Rucker and Figueroa of taking his personal property "unlawfully." *Id.* at 24. Plaintiff claims that both of his administrative grievances were "intentionally destroyed or lost by Appeal Coordinators." *Id.*

One year later, on February 9, 2016, Defendants Marshall and Mitchell "searched Plaintiff's cell." *Id.* Plaintiff claims that Marshall and Mitchell confiscated Plaintiff's "orthopedic shoes" which were "ordered by Plaintiff's doctor for treatment of his foot pain." *Id.* Plaintiff claims that he "offered to show Defendant Mitchell all personal property receipts" but she "refused to look at the property receipts." *Id.* Plaintiff requested a cell search slip from Marshall and Mitchell but did not receive one until approximately six months later. *See id.*

C. Fourteenth Amendment Due Process claims

Plaintiff claims that Defendants' actions in removing his personal property was a deprivation of "protected property interest without due process of law" in violation of his "Fifth and Fourteenth Amendment Constitutional rights." *Id.* at 27.

Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533

---

[2] Corona is not a named Defendant.
[3] Whitting is not a named Defendant.

5

3:18-cv-00512-WQH-AGS

(1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations.") Thus, to the extent Plaintiff challenges the unauthorized or negligent taking of his personal property in contravention of a statute or regulation authorizing it, the CTCA provides him with an adequate state post-deprivation remedy; Plaintiff's substantive and procedural due process claims challenging the confiscation of his property are not cognizable in a § 1983 action.

In addition, to the extent Plaintiff seeks to hold the Defendants liable for the failure to properly adjudicate his inmate grievances, he has no federal constitutional right to an effective grievance or appeal procedure. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (finding no § 1983 liability for actions of prison officials in reviewing inmate appeals because inmates have no federal constitutional right to a prison grievance system); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Therefore, the Court DISMISSES Plaintiff's Fifth and Fourteenth Amendment due process claims for failing to state a claim upon which relief may be granted.

D. <u>Eighth Amendment and Retaliation claims</u>

Plaintiff alleges Defendants Marshall and Mitchell violated his Eighth Amendment rights when they "threw away Plaintiff's doctor-prescribed orthopedic shoes." (ECF No. 1 at 40.) Plaintiff was unable to obtain replacement shoes and as a result "suffered an injury that required surgery because Plaintiff did not have his orthopedic shoes." *Id.* Plaintiff claims he told Marshall and Mitchell that these were shoes prescribed by a doctor but they "intentionally disregarded the doctor's orders." *Id.* at 40-41. As a result, Plaintiff claims that they "violated Plaintiff's rights by intentionally interfering with treatment." *Id.* at 41.

Plaintiff also seeks to bring retaliation claims against Defendants Rucker, Figueroa, Marshal, and Mitchell. *See id.* at 49. Plaintiff claims that the multiple cell searches and confiscation of property conducted on February 9, 2015 and February 9, 2016 were in retaliation "against Plaintiff for exercising his First Amendment rights of protected speech and redress of grievances." *Id.* at 52.

Based on these allegations, the Court finds Plaintiff's Eighth Amendment claims against Defendants Marshall and Mitchell and First Amendment retaliation claims against Defendants Rucker, Figueroa, Marshal, and Mitchell are sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012; *Iqbal*, 556 U.S. at 678; *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) (prison officials are liable if they act with deliberate indifferent to a prisoner's serious medical needs); *id.* at 104 (deliberate indifference "is manifested by prison [officials] intentionally denying or delaying access to medical care."); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

E.  <u>Access to Courts claim</u>

Plaintiff also claims to have been denied "access to the courts in violation of First Amendment rights." (ECF No. 1 at 48). Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted).

The right of access does *not* require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id.* at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* limits the right of access to the courts, as follows:

> the injury requirement is [limited to those tools] that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 346. Plaintiff's failure to set forth any allegations regarding an "actual injury" here is "fatal" to his claim. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to failing to allege an "actual injury," Plaintiff has also failed to allege facts sufficient to describe the "non-frivolous" or "arguable" nature of an underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Plaintiff's Complaint contains no allegations whatsoever regarding his inability to access the courts, or any "actual injury" with respect to a "non-frivolous" criminal appeal, habeas action, or conditions of confinement claim. *Id.*

F. <u>Improper Defendants</u>

Finally, the Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted as Defendants Paramo, Stratton, Rojas, Stout, Frost, or Aguirre.

While these Defendants may be subject to suit under § 1983, nowhere in the body of his Complaint does Plaintiff include "further factual enhancement" to describes when, how, or to what extent these Defendants personally caused him any constitutional injury. *Iqbal*, 556 U.S. at 678. There is no respondeat superior liability under 42 U.S.C. § 1983.

8

*Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

G.  Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his claims against Defendants Rucker, Figueroa, Marshal, and Mitchell only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his claims against Rucker, Figueroa, Marshal, and Mitchell, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint and dismiss the remaining claims and defendants.

**III.  Conclusion and Order**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) **(ECF No. 2)** is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. The Court **DISMISSES** Plaintiff's claims against Defendants Paramo, Stratton, Rojas, Stout, Frost, Aguirre, Sosa, Voong and Liu for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

5. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the claims against Rucker, Figueroa, Marshal, and Mitchell only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

6. The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

**IT IS SO ORDERED**.

Dated: May 10, 2018

Hon. William Q. Hayes
United States District Court