UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN DRAGASITS, CDCR #AR-2176,<br><br>                                Plaintiff,<br><br>vs.<br><br>T. RUCKER; FIGUEROS; L. MARSHALLL; K MITCHELL; V. SOSA; T. AZENTE,<br><br>                                Defendants. | Case No.: 3:18-cv-00512-WQH-AGS<br><br>**ORDER: (1) DISMISSING DEFENDANTS; AND (2) DIRECTING USMS TO EFFECT SERVICE OF SECOND AMENDED COMPLAINT** |

## I.    Procedural History

On March 8, 2018, Stephen Dragasits ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, filed this civil rights action (ECF No. 1), together with a Request to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On March 21, 2018, Plaintiff filed exhibits to his Complaint. (ECF No. 6.)

On May 10, 2018, Plaintiff's IFP Motion was GRANTED but the Court DISMISSED all the of the claims in this action with the exception of the Eighth Amendment claims against Defendants Marshall and Mitchell and the First Amendment

retaliation claims against Defendants Rucker, Figueroa, Marshall, and Mitchell. *See* May 10, 2018 Order, ECF No. 7, at 9-10. Plaintiff was given the option to either: "(1) Notify the Court of the intention to proceed with claims against Rucker, Figueroa, Marshall, and Mitchell only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted" in the Court's Order. *Id.* at 10.

Plaintiff chose to file a sixty seven (67) page First Amended Complaint ("FAC"), along with nearly five hundred (500) pages of exhibits. (*See* ECF No. 11.) In his FAC, Plaintiff no longer named Paramo, Stratton, Rojas, Stout, Frost, Aguirre, Voong, and Liu as Defendants. (*See id.* at 1-2, 8-12.) On September 6, 2018, the Court sua sponte DISMISSED Plaintiff's FAC for failing to state a claim and for failing to comply with FRCP 8. *See* Sept. 6, 2018 Order, ECF No. 12, at 12-13. Plaintiff was again given leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 13. Plaintiff was cautioned that '[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." *Id.* citing S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

On January 17, 2019, Plaintiff filed his Second Amended Complaint ("SAC"). (ECF No. 18.) In his SAC, Plaintiff no longer names Defendants Paramo, Stratton, Rojas, Stout, Frost, Aguirre, Voong, Liu, Sosa, and Azente. Accordingly, these Defendants are DISMISSED from this action.

**II.  Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner proceeding IFP, his SAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As currently pleaded, the Court finds Plaintiff's SAC contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal*, 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious

medical needs.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *id.* ("Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.'") (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)); *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's SAC on his behalf.[1] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III. Conclusion and Order

For the reasons explained, the Court:

1. **DISMISSES** Defendants Paramo, Stratton, Rojas, Stout, Frost, Aguirre, Voong, Liu, Sosa, and Azente from this action. The Clerk of Court is directed to terminate these Defendants from the docket.

/ / /

/ / /

/ / /

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

/ / /

2.     **DIRECTS** the Clerk to issue a summons as to Plaintiff's SAC (ECF No. 18) for Defendants **Rucker, Figueroa, Marshal, and Mitchell** and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff IFP status (ECF No. 7), certified copies of his SAC, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

3.     **ORDERS** the U.S. Marshal to serve a copy of the SAC and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4.     **ORDERS** Defendants **Rucker, Figueroa, Marshal, and Mitchell**, once they have been served, to reply to Plaintiff's SAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every

5

original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: February 6, 2019

Hon. William Q. Hayes
United States District Court