UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen DRAGASITS, <br>                              Plaintiff, <br> v. <br> T. RUCKER, et al., <br>                            Defendants. | Case No.: 3:18-cv-0512-WQH-AGS <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER (ECF 86)** |

      Plaintiff Stephen Dragasits moves this Court to reconsider an order denying his second motion to extend the deadline to amend the pleadings. (*See* ECF 86, at 1.)

## BACKGROUND

      Dragasits asked this Court on two occasions for an "extension of time" to amend pleadings. (*See* ECF 76, at 1; ECF 83, at 1.) On April 15, 2021, the Court granted plaintiff's first motion to amend the scheduling order, extending the deadline to file a motion to amend his complaint to May 17, 2021. (*See* ECF 80, at 2.) But instead of moving to amend and setting out how he met the Rule 15 amendment requirements, Dragasits just filed a Fourth Amended Complaint. (ECF 81.) Because Dragasits lacked authority to file an amended pleading, the Court struck plaintiff's Fourth Amended Complaint. (ECF 82, at 1.) It also noted that "the extended deadline for motions to amend–May 17, 2021–has passed." (*Id.*) Dragasits then sought belatedly to amend the scheduling order again, for another "extension of time" to amend pleadings. (ECF 83, at 1.) This request was denied. (ECF 84, at 1.) Plaintiff now seeks reconsideration of that denial. (*See* ECF 86, at 1.)

## DISCUSSION

      Generally, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conversation of judicial

1

resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). For this reason, a motion for reconsideration of an order must set forth the material facts and circumstances surrounding the motion, including "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." Civ. L.R. 7.1(i).

Plaintiff has not shown any new or different facts or circumstances to justify the extraordinary remedy of reconsideration. *See* Civ. L.R. 7.1(i). Indeed, even if the Court were to charitably recast this motion as yet another request to amend the scheduling order, Dragasits has not made the required "good cause" showing under Rule 16(b). *See* Fed. R. Civ. P. 16(b)(4). Plaintiff's repeated delays and failures to file within the required time frame does not demonstrate diligence. *Johnson*, 975 F.2d at 609 ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief [under Rule 16]."). In the interest of judicial efficiency and absent the required showing of diligence, this Court cannot justify a second "extension of time" to amend pleadings in this case. *Id.* ("If that party was not diligent, the inquiry should end."). So, plaintiff's motion for reconsideration is **DENIED**.[1]

Dated: September 20, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge

---

[1] Dragasits's motion for reconsideration also appears to be untimely. On June 23, 2021, the Court denied plaintiff's motion to extend, meaning a motion to reconsider should have been filed within 28 days, or by July 21, 2021. *See* Civ. L.R. 7.1(i)(2); (ECF 84). Plaintiff's motion for reconsideration was filed on July 30, 2021. (ECF 86, at 1.) Even giving prisoner Dragasits the benefit of the "prison mailbox rule," his filing would only be constructively dated back to "the time he delivered it to prison authorities for forwarding to the court clerk." *See Douglas v. Noelle*, 567 F.3d 1103, 1106 (9th Cir. 2009) (citation omitted). But there is no indication as to when that happened. Unless the motion was in the mail or institution processing for nine days, it is untimely. But since it fails regardless, the Court need not delve further into the timing issue.