UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephen DRAGASITS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>T. RUCKER, ET AL.,<br><br>　　　　　　　　　　Defendants. | Case No.: 18-cv-0512-WQH-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO APPOINT COUNSEL (ECF 91)** |

*Pro se* plaintiff Dragasits moves to (1) compel production of defendants' personnel files; and (2) appoint counsel. (ECF 91, at 1-2.) His requests are denied.

## BACKGROUND

During his deposition, Dragasits asked defendants' counsel to produce defendants' personnel files. (*Id.*) He claims counsel responded, "it wouldn't be a problem," (*id.*), but counsel denies this. (ECF 93, at 8.) Dragasits also twice asked the Court for the personnel files, which the Court denied because the motions violated discovery procedures. (ECF 91, at 2; *see also* ECF 63; ECF 71.) Although fact discovery ended July 30, 2021, (*see* ECF 60), Dragasits later "wrote to defense counsel on August 19, 2021, 'requesting the personnel records of L. Marshall, I. Figueroa, and T. Rucker.'" (ECF 93, at 3, 10.) Defendants refused. (*Id.* at 13.)

Dragasits now seeks to compel those documents. In the same motion, he also requests appointed counsel, citing "lockdown conditions a[t] Mule Creek State Prison, lack of staff for law library, and lack of correctional officer[s] for full prison operation." (ECF 91, at 1.) But "the prison library was operating during such lockdowns[,]" although Dragasits could only use it through the "paging system." (ECF 93, at 5.) "[T]he library resumed normal in-person operation on March 17, 2021"; since then, Dragasits has gone twice. (ECF 93-1, at 2.)

# DISCUSSION

## A.     Motion to Compel Defendants to Produce Personnel Files

"A party seeking discovery may move for an order compelling . . . production, or inspection . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(1)(B)(iv).

As a threshold issue, Dragasits did not attempt to meet and confer with defendants before filing this motion. (*See* ECF 91.) The Court may deny the motion on this ground alone. Fed. R. Civ. P. 37(a)(1) (requiring a motion to compel to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also* CivLR 26.1 ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues."). But the motion also fails for other reasons.

First, Dragasits's August 19, 2021 request was untimely because fact discovery ended weeks earlier on July 30, 2021. (ECF 60.) A court may deny a motion to compel when "failure to obtain the requested documents is due to [the movant's] own lack of diligence." *Patelco Credit Union v. Sahni*, 262 F.3d 897, 913 (9th Cir. 2001); *see also Mir v. Kirchmeyer*, No. 312CV02340GPCDHB, 2017 WL 164086, at *6 (S.D. Cal. Jan. 17, 2017) (rejecting a motion to compel is "well within" a Magistrate Judge's discretion if it violates the "scheduling order and chambers rules, the Southern District's Civil Local Rules, and the Federal Rules of Civil Procedure" (citation omitted)); *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-CV-01273-LJO, 2013 WL 492103, at *5-6 (E.D. Cal. Feb. 8, 2013) (denying a motion to compel when the parties did not "articulate[] good cause to modify the Scheduling Order" and "were not diligent in pursuing discovery").

Dragasits had ample time to request the files during fact discovery—the Court allowed eight months for fact discovery in this case and twice pointed Dragasits to the rules

regulating discovery. (*See* ECF 60 (December 2, 2020 scheduling order, setting July 30, 2021, as the deadline to complete fact discovery); ECF 63 & 71 (denying Dragasits's attempts to serve discovery through the Court and referring him to the appropriate rules).)

As defendants point out, Dragasits had access to "pen, paper, and mail service" and filed documents during that timeframe. (ECF 93, at 5; *see also* ECF 71.) Dragasits also had library access through the "paging system" even during prison lockdowns. (ECF 93, at 5; ECF 93-1, at 2.) But he did not use the law library during fact discovery, and more importantly, did not issue his discovery or seek to extend the discovery period. (ECF 93-1, at 2; *see also* ECF 60.) Because Dragasits was not diligent, his motion does not warrant reopening fact discovery. *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (holding that a court should "reopen discovery" only if "the movant diligently pursued its previous discovery opportunities").

In addition, his request for the personnel files is overbroad. "[I]n general the party seeking to compel discovery has the burden of showing that his request satisfies the relevance requirement of Rule 26." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "[T]he question of relevancy should be construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Id.* (citation omitted). Dragasits claims the files are "very pertinent to [his] case because they will most likely contain information on past discrencies [sic] and behavior that might lack poor moral judgement and other important factors that would support the justice for my case." (ECF 91, at 2.) Defendants argue Dragasits's request is "not specific enough" and "so overly broad that relevance is not apparent from the face of his request." (ECF 93, at 6.)

The personnel files likely contain documents that meet the flexible relevance standard. *See Soto*, 162 F.R.D. at 614-15. But Dragasits's request is overbroad because he requests the entire files and does not specify certain document types. (*See* ECF 91); *see also Soto*, 162 F.R.D. at 614-15 (compelling personnel file production, including "the disciplinary record, and any other documents in the possession of a defendant that concern

3

his training, duties, performance, assignments, and mental and physical condition."). Personnel files may include irrelevant documents about pay, benefits coverage, and—perhaps even worse—the personal address and family details of those correctional officers, none of which would be relevant to Dragasits's claims.

For each of these reasons, the Court denies Dragasits's motion to compel production.

**B.     Motion to Appoint Counsel**

Dragasits also moves the Court to appoint counsel for the second time. (ECF 91, at 1; ECF 54.)

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Even under the statutory authority to recruit civil counsel, the Court cannot force attorneys to represent an indigent civil litigant. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding the relevant statute—28 U.S.C. § 1915—"does not authorize the federal courts to make coercive appointments of counsel"). But "a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer*, 560 F.3d at 970 (citation omitted). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and quotation marks omitted).

Dragasits has not shown exceptional circumstances. The primary reason he identifies is that defendants' counsel refused to produce the personnel files. But, as laid out above, the request was untimely and overbroad. So there was no need to produce. Dragasits's other complaints about law-library access and staffing likewise are not exceptional. He currently has library access and had access during the COVID-19 lockdown. (ECF 93-1, at 2.) While Dragasits claims that staffing issues affected his ability to use the law library, he has provided no evidence that staff levels have in fact decreased for library attendants or correctional officers, let alone how their staffing levels would affect his ability to represent himself. (*See* ECF 91.)

4

Whether Dragasits will prevail is unclear at this point. Defendants' summary-judgment motion is pending. (ECF 95; ECF 88; ECF 42, at 10, 17, 23.) After that motion is adjudicated, the Court will be in a better position to determine what claims will need a trial and his likelihood of prevailing on the merits.

Finally, Dragasits has ably articulated his claims. Although deliberate indifference claims are often complex, Dragasits's shoe-seizure claims are less so than those dealing with complicated diagnoses and treatments. *See Tilei v. McGuinness*, 642 F. App'x 719, 722 (9th Cir. 2016) (finding deliberate indifference will often "turn on complex medical questions of competing treatment regimens and causation, and likely require the testimony of expert witnesses"). He also filed amended complaints and several motions as well as answered an order to show cause. (*See, e.g.*, ECF 42; ECF 83; ECF 86; ECF 91; ECF 47.) Plus, he made legal arguments, attached exhibits, and survived a motion to dismiss. (*See* ECF 41; ECF 42; ECF 48; ECF 73); *Thompson v. Paramo*, No. 16CV951-MMA (BGS), 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018) ("When a pro se plaintiff shows he understands basic litigation procedure and is able to articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel."). Thus, exceptional circumstances do not justify appointed counsel at this time.

## CONCLUSION

For the reasons above, the Court enters the following orders:

1. Dragasits's motion to compel production of defendants' personnel files is **DENIED**.

2. Dragasits's renewed motion to appoint counsel is **DENIED**.

Dated: October 8, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge